UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-281-GWU

RANDY LOWE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

> alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Randy Lowe, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease, lumbar spine strain, residuals of a left clavicle fracture and right hand fracture, and borderline intellectual functioning. (Tr. 15). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Lowe retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 18-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 43, "marginal" literacy (specified as being at the second grade level) and work experience as a forklift operator, pastor, and mechanic's helper could perform any jobs if he were capable of "medium" level exertion and also had the following non-exertional restrictions. (Tr. 455). He: (1) could not crawl or climb ladders, ropes, or scaffolds; (2) could occasionally climb ramps and stairs, bend, stoop, crouch, and use his left arm overhead; (3) could perform no more than "frequent" pushing, pulling, or reaching in any direction with his non-dominant left arm; (4) would be limited to no more than simple job instructions; and (5) could perform no job in which reading was an essential job element. (Tr. 455-6). The VE

responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 456-7).

On appeal, the court finds that the hypothetical factors selected by the ALJ are not fully supported by substantial evidence.

The plaintiff, who alleged disability due to pain which had resulted from physical injuries after a motor vehicle accident as well as depression (Tr. 101), and who was prescribed medications for depression by his family physician after indicating that he was crying frequently and considering suicide (Tr. 371-2), underwent only one mental status evaluation, which was conducted by Psychologist Reba Moore. Moore performed a mental status interview and conducted some objective testing, including IQ testing showing a full scale IQ of 77, said to be in the "borderline" range, and achievement testing, which showed a second grade reading ability and a third grade arithmetic ability. (Tr. 386-7). Mr. Lowe was still describing suicidal thoughts, with no attempts, and Moore concluded that, although he was able to understand and follow instructions, his ability to sustain attention, concentrate, and tolerate pressure was significantly compromised by his depression and physical complaints. (Tr. 388). She prepared a mental medical assessment form stating that the plaintiff had poor or no ability in many areas and a "seriously limited but not precluded" ability in certain others. (Tr. 390-1).

A state agency psychologist who reviewed the record, Dr. Ilze Sillers, considered the restrictions given by Moore, but stated that they could be given only partial weight because the examiner appeared to combine mental and physical restrictions. (Tr. 394). Dr. Sillers proceeded to prepare a mental residual functional capacity form which was stated to be applicable through the plaintiff's Date Last Insured (DLI) of September 30, 2005 indicating that he would have a "moderately limited" ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others. (Tr. 392-3).

The ALJ stated in his decision that there was no evidence of treatment for depression prior to the DLI, and that for that reason Mr. Lowe did not have a medically determinable impairment. (Tr. 18). The court recognizes that the plaintiff's first complaints of anxiety and depression were made to Dr. Pratt on November 5, 2005 (Tr. 372) and that Reba Moore's examination did not take place until December 12, 2005 (Tr. 384). However, as previously noted, Dr. Sillers apparently concluded that there would be some restrictions in reference to depression prior to the DLI, as previously stated. Since there was only approximately one month between the DLI and the complaint to Dr. Pratt, the conclusion of Dr. Sillers is not patently unsupportable.

The Commissioner's regulations at 20 C.F.R. § 404.1527(f)(2)(ii) provide that if a treating source's opinion is not given controlling weight, the ALJ "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . ., as the [ALJ] must do for any opinions for treating sources, non-treating sources, and other non-examining sources who do not work for us." Since this evaluation was not performed, and since Dr. Sillers listed certain mental restrictions in excess of the factors given in the hypothetical, a remand will be required for additional consideration of this point.

The plaintiff also notes that the ALJ did not discuss statements by an examining neurologist, Dr. William Brooks, that the plaintiff had a "musculoligamentous strain superimposed upon a pre-existent, dormant disabling condition[;] namely[,] that of degenerative disc disease that was brought into disabling reality by the accident in and of itself." (Tr. 282). While the ALJ would not be bound by a conclusory physician's statement that a condition is "disabling," the regulation previously cited indicates that it should be taken into consideration.

Regarding the other specific issues raised by the plaintiff, the court finds no error. First, the plaintiff asserts that the ALJ should have considered a statement by a physical therapist that his injuries significantly interfered with his ability to return to his previous job, and to perform "home management" and leisure activities. (Tr. 285). In addition to the fact that a physical therapist is not an acceptable medical source under 20 C.F.R. § 404.1513, the ALJ found that the plaintiff could not return

to his past relevant work and would have significant restrictions on his physical activities, which is consistent with the physical therapist's statement. Therefore, the statement by the physical therapist does not provide any basis for remand. Second, the plaintiff asserts that it was error not to include Reba Moore's finding of a borderline IQ and illiteracy in the hypothetical question, but, as previously described, the ALJ eliminated consideration of any jobs where reading was required (Tr. 455), and the Sixth Circuit held in Webb v. Commissioner of Social Security, 368 F.3d 629 (6th Cir. 2004) that an ALJ is not required to list a claimant's medical conditions in the hypothetical question. Id. at 633. Finally, the plaintiff's argument that the ALJ did not consider the side effects of his medications is belied by his own testimony that he had no side effects that he was aware of from any of his medications except from a sleeping pill, which made him drowsy. (Tr. 448-9). Therefore, this argument is without merit.

The decision will be remanded for further consideration.

This the 15th day of October, 2008.




**Signed By:**

***G. Wix Unthank***

**United States Senior Judge**